**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. DAVID ROGERS, *Defendant*. | Civ. No. No. 22-2178  **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter was opened to the Court by Defendant's motion for custodial credits, D.E. 291, which the Court construes as a petition pursuant to 28 U.S.C. § 2241.[1] The Government filed opposition, D.E. 293, to which Defendant replied, D.E. 294. Defendant's reply, however, does not appear to address the custodial credit issue but instead seems to seek new relief, that is, compassionate release. The Court reviewed the parties' submissions and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the following reasons, Defendant's motion is denied.

**I.   BACKGROUND**

On July 2, 2019, Defendant appeared before a magistrate judge pursuant to a writ of habeas corpus. Crim. No. 20-156, D.E. 153. At the time, Rogers was also in the custody of the New Jersey Department of Corrections; he was serving state custodial sentences for aggravated assault

---

[1] Defendant filed his motion, D.E. 293, under Crim. No. 20-156. The Clerk's Office provided the civil docket number since his motion should have been brought as a petition under Section 2241. The Government's opposition on the criminal docket was D.E. 293, and Defendant's reply was D.E. 294.

and arson convictions. While appearing before the magistrate, Rogers was advised of his rights pursuant to the Interstate Agreement on Detainer's Act ("IADA"). Rogers, on the record, invoked his anti-shuttling rights under the IADA and remained in federal custody.

On February 13, 2020, Defendant pled guilty to a one-count information, charging him with a conspiracy to distribute heroin and cocaine base. Crim. No. 20-156, D.E. 276, 278, 280. On July 27, 2020, the Court sentenced Rogers to a 60-month term of imprisonment, the statutory mandatory minimum sentence and the sentence stipulated to in his plea agreement. Crim. No. 20-156, D.E. 288, 290.

Rogers now seeks custodial credit for the period of July 2, 2019 through July 27, 2020.

## II.   LEGAL STANDARD AND ANALYSIS

18 U.S.C. § 3585 governs custodial credit. It provides as follows:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. *See also Nieves v. Scism*, 527 F. App'x 139, 140-41 (3d Cir. 2013).

"[A] federal prisoner can receive credit for certain time spent in official detention before his sentence begins, as long as that time has not been credited against any other sentence. Section

2

3585(b) makes clear that prior custody credit cannot be double counted." *See Williams v. Zickefoose,* 504 F. App'x 105, 107 (3d Cir.2012) (*per curiam*) (citing *United States v. Wilson,* 503 U.S. 329, 337 (1992)).

> Judge Kugler has provided the following insight:
>
>> "[A] federal sentence cannot begin to run earlier than on the date on which it is imposed." *Rashid v. Quintana,* 372 F. App'x 260, 262 (3d Cir. 2010) (per curiam) (citing *United States v. Labeille–Soto,* 163 F.3d 93, 98 (2d Cir.1998)). Furthermore*, "[a] federal sentence does not begin to run when a defendant is taken into federal custody from state custody pursuant to a writ of habeas corpus ad prosequendum" because "the state remains the primary custodian in those circumstances." Carmona v. Williamson,* No. 05–0022, 2006 WL 3042967, at *2 (M.D. Pa. Oct. 23, 2006) (citations omitted); *see also Garcia v. Bureau of Prisons,* No. 06–0089, 2006 WL 2645122, at *2 n. 2 (D.N.J. Sept. 13, 2006) (noting that sovereign who acquires custody first in time has primary custody over the defendant and that primary custody remains vested in the jurisdiction which first arrested the defendant "'until that jurisdiction relinquishes its priority by e.g., bail release, dismissal of state charges, parole release, or expiration of sentence. . . . Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody.'") (quoting *Chambers v. Holland,* 920 F. Supp. 618, 622 (M.D. Pa. 1996), *aff'd by,* 100 F.3d 946 (3d Cir. 1996)).

*Perry v. Hollingsworth*, Civ. No. 14-1243, 2014 WL 3954926, at *5 (D.N.J. Aug. 13, 2014) (emphasis added).

The Government contends that Rogers is not entitled to the credit he seeks because he received credit for those days on the state sentences that he was serving when he first appeared in federal court. The Court agrees. As noted, Defendant cannot get credit for both his state and federal matters (that is, until he was sentenced federally) as it would constitute impermissible double counting. And, as discussed in *Perry*, New Jersey was the primary custodian of Rogers when he appeared in federal court pursuant to a writ of habeas corpus. As a result, Rogers did

3

receive credit for the time he now seeks—but at the state level. Rogers provides no information to the contrary.[2]

### III.   CONCLUSION

For the foregoing reasons, and for good cause shown

IT is on this 14 day of April 2022 hereby

**ORDERED** that Defendant's petition to for custody credits, Crim. No. 20-156, D.E. 291, is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall also file this Opinion & Order on Crim. No. 20-156; and it is further

**ORDERED** that the Clerk's Office shall send this Opinion & Order to Defendant by regular mail; and it is further

**ORDERED** that the Clerk's Office shall close this matter.

John Michael Vazquez, U.S.D.J.

---

[2] Defendant also does not appear to have exhausted his administrative remedies. The United States Attorney General, through the Federal Bureau of Prisons ("BOP"), is the initial arbiter as to granting credits for prior custody. *See United States v. Wilson*, 503 U.S. 329, 333, 335 (1992). Nor has Defendant shown that exhaustion should be excused for cause, undue prejudice, or futility. However, because Defendant is not entitled to custodial credit as a matter of law, the Court does not deny on the basis of failure to exhaust.