<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>DAVID ROGERS | No. 20cr156 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

On February 13, 2020, Defendant David Rogers[1] pled guilty to a one-count information charging him with conspiracy to distribute heroin and cocaine base. D.E. 280 ("Plea") at 1. On July 27, 2020, Defendant was sentenced to a 60-month term of imprisonment, the statutory mandatory minimum sentence and the sentence stipulated to in his plea agreement. Plea at 8; D.E. 290 ("Judgment") at 2. On December 7, 2021, Defendant filed a motion seeking custodial credit for the period of July 2, 2019 through July 27, 2020, which the Court denied. D.E.s 291, 295.

On June 21, 2023, Defendant again filed a motion for custodial credits for the same time period. D.E. 297 ("Credit Mot."). On July 21, 2023, Defendant filed a motion to appoint counsel to determine whether he is entitled to a reduced sentence due to an amendment to the United States Sentencing Guidelines ("U.S.S.G.") that might reduce his sentencing guidelines. D.E. 298 ("Counsel Mot.").[2] The government opposes the Motions. D.E. 299. This case was reassigned to the undersigned on September 3, 2024. D.E. 300. For the following reasons, the Court will **DENY** both Motions.

---

[1] Now appearing *pro se* post sentencing.
[2] The Credit Mot. and Counsel Mot. are referred to collectively as the "Motions."

I.      ANALYSIS

   A.      **The Court Will Deny Defendant's Motion for Custodial Credits**

Defendant's new motion for custodial credits treads old ground and has previously been decided by the Court in its April 14, 2022 Order. D.E. 295. The Court carefully considered and denied the earlier motion because "Defendant cannot get credit for both his state and federal matters (that is, until he was sentenced federally) as it would constitute impermissible double counting." *Id.* at 3. Defendant provides no new argument nor any basis to reconsider the Court's previous ruling on this issue. The Court's prior ruling is law of the case and continues to govern here. *See In re Jamuna Real Estate, LLC*, 392 B.R. 149, 169 (E.D. Pa. 2008). Therefore, the Court will **DENY** Defendant's motion for custodial credits.

   B.      **The Court Will Deny Defendant's Motion to Appoint Counsel**

Defendant asks the Court to appoint counsel to represent him for the purpose of determining whether he is eligible for a sentence reduction. Counsel Mot. The Court interprets Defendant's Motion as asserting that he may be eligible for a sentence reduction pursuant to U.S.S.G. Retroactive Criminal History Amendment 821 ("Amendment 821") and 18 U.S.C. § 3582(c)(2) (providing the mechanism by which a defendant may move to reduce his sentence based on subsequent lowering of a sentencing guidelines range by the Sentencing Commission). *Id.*

There is no right to counsel for proceedings under Section 3582. *See United States v. Millhouse*, No. 20-3633, 2021 WL 3280789, at *3 n.4 (3d Cir. Aug. 2, 2021) (citing *United States v. Manso-Zamora*, 991 F.3d 694, 696 n.2 (6th Cir. 2021) (per curiam) (collecting cases)). In deciding whether to appoint pro bono counsel, a court must determine as a threshold matter whether the party's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it then should consider the

following factors: "(1) the [party's] ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the [party] to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the [party] can attain and afford counsel on his own behalf." *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5).

Here, there is no merit to the argument that Defendant is entitled to a sentence reduction under Amendment 821. Section 3582(c)(2) provides that a defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be entitled to a reduction of the term of imprisonment, "after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Amendment 821 calls for defendants to accrue one additional criminal history "status point" (instead of the previous two points) if they receive seven or more status points and committed the underlying offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Sentencing Guidelines for United States Courts, 88 FR 28254-01 (effective Nov. 1, 2023); U.S.S.G. § 4A1.1(e). Additionally, defendants with six or fewer status points no longer receive any additional status points. *Id.*

At the time of Defendant's sentencing, he had a criminal history score of 15, resulting in a criminal history category of VI. PSR at 36.[3] However, even if a different criminal history score applies under Amendment 821, Defendant was a career offender and thus would be subject

---

[3] "PSR" refers to the Presentence Investigation Report prepared by the United States Probation Office.

3

to a criminal history category of VI regardless. *Id;* U.S.S.G. § 4B1.1(b). Therefore, Defendant's guidelines range of 130-162 months' imprisonment remains unchanged. PSR at 53. Furthermore, it is noteworthy that Defendant was sentenced to the mandatory minimum term of imprisonment authorized by law for the crime to which he pled guilty—60 months' imprisonment. Judgment; Plea. Therefore, there is no basis in law or fact to argue that Defendant could be sentenced to less than that now. Accordingly, the Court will **DENY** Defendant's motion to appoint counsel.[4]

## II.     CONCLUSION AND ORDER

For the foregoing reasons, **IT IS**, on this **26th** day of **November**, 2024,

**ORDERED** that Defendant's Motions, D.E.s 297, 298, are **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum Order to Defendant.

Dated: November 26, 2024

                                                                            Evelyn Padin, U.S.D.J.

---

[4] Defendant also requests counsel be appointed with respect to the Credit Mot. For the reasons discussed *supra*, Section I(A), there is also no basis in law or fact to argue that Defendant is entitled to the relief he seeks in the Credit Mot. and, accordingly, the Court will also not appoint counsel with respect to that motion.